IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE, WESTERN DIVISION

RONNIE L. ALEXANDER,

      Plainitiff,

v.                                                                 No.:_____
                                                   Jury Demanded

ABRA TENNESSEE, INC.,
d/b/a ABRA AUTO BODY AND GLASS

      Defendant.

## COMPLAINT

Comes now the Plaintiff, Ronnie L. Alexander (hereinafter referred to as "Plaintiff"), by and through his attorneys of record, Paul Forrest Craig and Daniel Owen Lofton, and sues the Defendant, ABRA Tennessee, Inc. d/b/a ABRA Auto Body and Glass (hereinafter referred to as "Defendant") and for cause would show unto the Court:

### Parties

1. Ronald Mitchell is a resident of the County of Shelby, State of Tennessee and resides at 1564 Alta Vista, Memphis, TN 38127.

2. That the Defendant ABRA Tennessee, Inc. is a corporation organized under the laws of the State of Minnesota with a principal place of business located at 6601 Shingle Creek Parkway, Brooklyn Center, MN 55430 and may be served with process through its registered agent CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929.

### Jurisdiction

The jurisdiction of this Honorable Court of the matters complained of herein is predicated

and founded upon violations of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e-2) for racial discrimination; (42 U.S.C. Sec 1981 *et seq.*) for Civil Rights violations; and violation of the Age Discrimination in Employment Act ("ADEA") (29 U.S.C. Sec. 621 *et seq.*).

Venue is proper as the events which make up this cause of action occurred in the in the Western District of the State of Tennessee

That the damages sought in the matter in controversy and to which the plaintiff believes he is entitled exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. 1332.

## Jury Demand

The Plaintiff demands a jury to try this cause when the issues are joined.

## Facts Common to All Claims

1. That Ronnie L. Alexander (the "Plaintiff") is an African-American male who is 52 years of age.

2. That the Defendant conducts business under the name of ABRA Auto Body and Glass and operates a location at 5680 Mt. Moriah, Memphis, TN 38127.

3. In 1988, the Plaintiff was hired by the Defendant. At the time of his employment the Plaintiff was 29 years of age.

4. That during the time the Plaintiff worked for the Defendant he was employed as a painter. He always received favorable annual performance evaluation and did not have a history of work disciplinary problems.

5. That the Defendant had a disciplinary process for disciplining employees that was contained in the Employee Handbook. That this disciplinary process involved a systems of: 1) verbal warning; 2) written warning; 3) final written warning; and 4) termination. (A copy of the disciplinary process from the Employee Handbook is attached as Exhibit "A").

6. That on or about August 12, 2011, the Plaintiff was called to the office of his supervisor and informed that "he did not fit into system" and that his employment was being terminated. As part of this meeting, the Plaintiff was presented a release agreement to sign by the Defendant. (A copy of the release agreement is attached as Exhibit "B").

7. At the time of his termination, the Plaintiff was an African American male of 52 years of age.

8. At the time of his termination, the Plaintiff was qualified for the position that he held which is evidenced by the lack of disciplinary history involving the Plaintiff and the history of favorable performance evaluations of the Plaintiff.

8. At the time of his termination, the Plaintiff was the oldest employee holding the position of painter at the location in which the Plaintiff worked.

9. At the time of his termination, the Plaintiff was making an annual salary of approximately $75,000.00.

10. Based upon information and belief, the Plaintiff was replaced by an individual who was significantly younger than the Plaintiff.

11. Based upon information and belief, the Plaintiff was treated less favorable than similarly situated employee who were younger and not of the African-American race.

12. On or about August 23, 2011, the Plaintiff filed a charge of racial and age discrimination against the Defendant with the Equal Employment Opportunity Commission ("EEOC"). (A copy of the charge of discrimination is attached as Exhibit "C").

13. On or about January 24, 2012, the Plaintiff received a Notice of Right to Sue letter from the EEOC. (A copy of the Right to Sue letter is attached as Exhibit "D").

14. The Plaintiff seeks both compensatory (including but not limited to both front and

back pay), liquidated and punitive damages, and contractual damages in an amount to be proven at a hearing of this cause to be no less than One Million ($1,00,000.00) Dollars for Defendant's violation of the racial discrimination in violation of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e-2), for violation of the Plaintiff's Civil Rights (42 U.S.C. Sec. 1982 *et seq.*), for violation of the Age Discrimination Employment Act ("ADEA") (29 U.S.C. Sec. 621 *et seq.*), pain and suffering, and other economic losses.

## Count One

### Racial Discrimination in violation of Title VII of the Civil Rights Act

15. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-14 of the complaint as if set forth herein verbatim.

16. At the time of his termination, the Plaintiff was an African-American male.

17. At the time of his termination, the Plaintiff was qualified for the position of painter that he held with the Defendant and had held with the Defendant since 1988.

18. That while the Plaintiff was in the employ of the Defendant, he did not have a disciplinary history at work and he always received favorable performance evaluations.

19. The Defendant took adverse employment action against the Plaintiff because of his termination.

20. Further, there were other employees, in the position of the Plaintiff, who were not members of the African-American race who were not terminated.

21. That these actions of the Defendant are unlawful employment practices and constitutes racial discrimination, a violation of Title VII of the Civil Rights Act (42 U.S.C. Sec. 2000e-2.).

22. That as a result of the Defendant's violation of the Title VII of the Civil Rights

Act  (42 U.S.C. 2000e-2) against the Plaintiff, the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

## Count Two

### Violation of Plaintiff's Civil Rights

23. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-22 of the complaint as if set forth herein verbatim.

24. That the actions of the Defendant are in violation of the Plaintiff's civil rights as defined in 42 U.S.C. Sec. 1981 *et seq.*

25. That these actions of the Defendant violate the Plaintiff's Civil Rights (42 U.S.C. Sec. 1981 *et seq.*).

26. That the actions of the Defendant were motivated, in part, by the race of the Plaintiff.

27. That as a result of the Defendant's violation of the Plaintiff's Civil Rights (42 U.S.C. 1981 *et seq.*), the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

## Count Three

### Violation of the Age Discrimination Employment Act

28. The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-27 of the complaint as if set forth herein verbatim.

28. At the time of his termination, the Plaintiff was 52 years of age.

29. At the time of his termination, the Plaintiff was qualified for the position of painter that he held with the Defendant and had held with the Defendant since 1988.

30. That while the Plaintiff was in the employ of the Defendant, he did not have

a disciplinary history at work and he always received favorable performance evaluations.

31.     The Defendant took adverse employment action against the Plaintiff because of his termination.

32.     Based upon information and belief, the Plaintiff was replaced by an individual who was younger than the Plaintiff.

33.     Further, there were other employees, in the position of the Plaintiff, who were younger than the Plaintiff who were not terminated.

34.     That these actions of the Defendant are unlawful employment practices and constitutes age discrimination, a violation of Age Discrimination Employment Act ("ADEA") (29 U.S.C. Sec. 621 *et seq.*).

35.     That as a result of the Defendant's violation of the ADEA (29 U.S.C. 621 *et seq.*) against the Plaintiff, the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

Count Four

Pain and Suffering

36.     The Plaintiff reiterates, restates and incorporates by reference all of the allegations contained in paragraphs 1-35 of the complaint as if set forth verbatim herein.

37.     The actions on the part of Defendant has caused the Plaintiff to endure great pain and suffering.

38.     That as a result of the Defendant's causing the Plaintiff pain and suffering, the Plaintiff has suffered damages in an amount to be proven at a hearing of this cause.

WHEREFORE, premises considered, the Plaintiff prays:

1.      That proper process and notice issue and be served upon the Defendant herein

      requiring it to answer this Complaint.

2.     That the Plaintiff reserves the right to amend the complaint.

3.     That upon a hearing of this cause that the matters in controversy be decided by a jury.

4.     That upon a hearing of this cause, the Plaintiff be awarded damages both compensatory (including but not limited to both front and back pay), liquidated and punitive in a total amount of no less than One Million ($1,000,000.00) Dollars.

5.     That upon a hearing of this cause, the Plaintiff be awarded attorney fees and appropriate court cost and expenses for having to bring this action.

6.     For such other and further relief as may be just and proper within these premises.

Respectfully submitted,

s/Paul Forrest Craig
PAUL FORREST CRAIG (#18359)
Attorney for Plaintiff
100 N. Main St., Ste. 923
Memphis, TN 38103
(901)526-7837

s/Daniel Owen Lofton
DANIEL OWEN LOFTON (#27386)
Attorney for Plaintiff
100 N. Main St., Ste. 923
Memphis, TN 38103
(901) 526-7837